**The PEOPLE of the State of Colorado, Complainant,**

v.

**John Milan FRANKS, Attorney–Respondent.**

**No. 93SA337.**

Supreme Court of Colorado, En Banc.

Jan. 24, 1994.

Linda Donnelly, Disciplinary Counsel, and John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Jeffrey S. Pagliuca, Denver, for attorney-respondent.

PER CURIAM.

In this attorney disciplinary proceeding, the respondent[1] and the assistant disciplinary counsel have entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. In the stipulation, the respondent consented to the imposition of a suspension from the practice of law ranging from ninety days to one year and one day. The assistant disciplinary counsel recommended a period of suspension between six months and one year and one day. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and recommended that the respondent be suspended for one year and one day and

---

1. The respondent was admitted to the bar of this court on April 15, 1971, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

be assessed the costs of the proceeding. The respondent asserts that a ninety-day suspension is appropriate. We accept the stipulation and the recommendation of the inquiry panel.

## I

The stipulation describes two separate courses of professional misconduct. In January 1991, the respondent represented Floyd Oliver, Jr., who was a defendant in a civil action. Oliver paid the respondent a $2,000 retainer. The plaintiff, Colorado National Mortgage, filed a complaint against Oliver and his spouse to collect on a $1.4 million note. The respondent answered the complaint and filed a counterclaim.

On May 16, 1991, the plaintiff's attorney filed a motion for summary judgment. The plaintiff filed a motion for entry of judgment on June 11, 1991, after the respondent failed to file a timely response, which the respondent acknowledges was due by June 3. The respondent did file a motion for extension of time to answer the summary judgment motion on June 17, but on June 26, 1991, the court entered judgment in favor of the plaintiff.

After the plaintiff served writs of garnishment for $1.6 million on Oliver's bank accounts on July 10, 1991, Oliver discharged the respondent and hired substitute counsel. The court granted the substitute counsel's motion to set the judgment aside.

As the respondent admitted, his conduct violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer), DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means), DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client), and DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage the lawyer's client during the course of the professional relationship).[2]

In the second matter, the Colorado Attorney General's Office filed a criminal complaint against the respondent charging him with five counts of failure to truthfully account for and pay over income tax withheld from employees, a class 4 felony, *see* § 39–21–118(2), 16B C.R.S. (1988 Supp.); two counts of failure to pay over income tax withheld from employees, a class 5 felony, *see* § 39–21–118(2), 16B C.R.S. (1990 Supp.); and four counts of failure to pay income tax or file a return, a misdemeanor, *see* § 39–21–118(3), 16B C.R.S. (1990 Supp.).

On or about August 17, 1992, pursuant to a plea agreement, the respondent pleaded guilty in district court to one count of failure to pay over income tax withheld from employees. The entry of judgment of conviction was deferred for a period of one year. The district court also ordered the respondent to pay restitution of $24,070.96. The offense to which the respondent pleaded guilty is a class 5 felony and is therefore a serious crime under C.R.C.P. 241.16(e)(1).

The respondent stipulated that his conduct violated DR 1–102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude); DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law); as well as C.R.C.P. 241.6(2) (any act or omission violating accepted rules or standards of legal ethics constitutes grounds for discipline); C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice, or morality is grounds for discipline); and C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

## II

The respondent and the assistant disciplinary counsel agreed that a period of suspension ranging from ninety days to one year

---

2. The assistant disciplinary counsel stipulated that it could not be established by clear and convincing evidence that the respondent's conduct also violated DR 6–101(A)(2) (a lawyer shall not handle a legal matter entrusted to the lawyer without adequate preparation under the circumstances).

and one day was appropriate. In approving the stipulation, the inquiry panel recommended a suspension for one year and one day.

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*), in the absence of mitigating factors, disbarment is generally warranted when:

> (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; ... or
>
> (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

ABA *Standards* 5.11. On the other hand, in the absence of aggravating or mitigating factors, suspension is appropriate when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." *Id.* at 5.12. The respondent admitted violating DR 1–102(A)(4), and thus his failure to pay over the withholding tax involved an element of dishonesty or misrepresentation. In the respondent's statement in mitigation, however, he alleges in effect that his failure to pay over the withholding tax was not intentional. The assistant disciplinary counsel does not challenge that contention.

In mitigation, the respondent has no prior disciplinary history, ABA *Standards* 9.32(a), and he has cooperated in the disciplinary proceedings, *id.* at 9.32(e). In *People v. Phelps,* 837 P.2d 755 (Colo.1992), we suspended the attorney-respondent for one year and one day for a pattern of conduct violating the equity skimming statute. *See* § 18–5–802, 8B C.R.S. (1991 Supp.). We noted in *Phelps* that the attorney-respondent's conduct involved dishonesty or misrepresentation. 837 P.2d at 758. Violation of the equity skimming statute is a class 5 felony, § 18–

5–802(3), as is the offense to which the respondent pleaded guilty in this case.[3] The attorney-respondent in *Phelps* had no prior disciplinary history, but we found that the seriousness of the offense warranted suspension for one year and one day. 837 P.2d at 759.

While the respondent in this case, unlike *Phelps,* has acknowledged the wrongful nature of his conduct, he has also admitted committing additional professional misconduct that resulted in judgment being entered against Oliver. *See* ABA *Standards* 9.22(d) (multiple offenses constitute an aggravating factor).

We conclude that suspension for one year and one day is appropriate. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

### III

It is hereby ordered that John Milan Franks be suspended from the practice of law for one year and one day, commencing thirty days from the date of this opinion. It is further ordered that Franks pay the costs of this proceeding in the amount of $47.52 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202. Franks shall not be reinstated until after he has complied with C.R.C.P. 241.-22(b)–(d).

---

**3.** There is no suggestion in *Phelps* that criminal charges were brought against the attorney-re-